UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------

**505 5303**

MICHAEL MOLFETTA, SR., Individually and on
Behalf of BRIDGESIDE DRAYAGE, INC., JFK
DELIVERIES, INC., and PORT EQUIPMENT
RENTING CORP.,

Plaintiffs,

- against -

ROBERT L. MOLFETTA, FRANK MOLFETTA,
FRANK S. MOLFETTA, PETER BRUNETTI,
JOHN ROCA, BRIDGESIDE DRAYAGE, INC.,
BRIDGESIDE, INC., JFK DELIEVERIES, INC.,
JFK TRUCKING, INC., and PORT EQUIPMENT
RENTING CORP.,

Defendants.

--------------------------------------------------------------X

Case No.: 05 C
Judge

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 10 2005 ★

Magistrate Judge
BROOKLYN OFFICE

**VERIFIED COMPLAINT**

AMON, J.

POHORELSKY, M.J.

Plaintiffs, by their attorneys, SCHRIER, FISCELLA & SUSSMAN, LLC.,
alleged as and for their Verified Complaint upon information and belief at all times hereinafter
mentioned as follows:

## PARTIES, JURISDICTION AND VENUE

1.     Plaintiff, Michael Molfetta, Sr., (hereinafter referred to as "Michael")
resided at and still resides at 3 Shawnee Court, Colts Neck, New Jersey 07722.

2.     Plaintiff, Bridgeside Drayage, Inc., (hereinafter referred to as "Drayage")
is a New York Corporation, duly licensed to do business in the State of New York with offices
located at 300 Westin Avenue, Staten Island, New York 10303.

3.     Plaintiff, Bridgeside, Inc., (hereinafter referred to as "Bridgeside") is a
New York Corporation, duly licensed to do business in the State of New York with offices
located at 300 Westin Avenue, Staten Island, New York 10303.

1

4.      Plaintiff, JFK Deliveries, Inc., (hereinafter referred to as "Deliveries") is a New York Corporation, duly licensed to do business in the State of New with offices located at 1200 Brunswick Avenue, Far Rockaway, New York 11691.

5.      Plaintiff, JFK Trucking, Inc., (hereinafter referred to as "Trucking") is a New York Corporation, duly licensed to do business in the State of New York with offices located at 1200 Brunswick Avenue, Far Rockaway, New York 11691.

6.      Plaintiff, Port Equipment Renting Corp., (hereinafter referred to as "Port") is a New York  Corporation, duly licensed to do business in the State of New York with offices located at 207 Meadow Road, Edison, New Jersey  08817.

7.      Defendant, Robert L. Molfetta, (hereinafter referred to as "Robert") resided at and still resides at 504 Spotswood Gravel Hill Road, Edison, New Jersey 08831.

8.      Defendant, Frank Molfetta, (hereinafter referred to as "Frank") is presently incarcerated in a Federal penitentiary, located at FCI Fort Dix, P.O. Box 38, Fort Dix, New Jersey 08640 and prior thereto, resided at 16 West Castor Place, Staten Island, New York 10312.

9.      Defendant, Frank S. Molfetta, (hereinafter referred to as "Frank, Jr.") resided at and still resides at 39 Puchala Drive, Parlin, New Jersey 08859.

10.     Defendant, Peter Brunetti, (hereinafter referred to as "Brunetti") resided at and still resides at 134 Sprague Avenue, Staten Island, New York 10307.

11.     Defendant, John Roca, (hereinafter referred to as "Roca") resided at and still resides at 125 Goff Avenue, Staten Island, New York 10309.

12.     Amfak Container Line, Inc., (hereinafter referred to as "Amfak") is a Delaware Corporation with offices located at 205 Meadow Road, Edison, New Jersey 08817.

2

13.    Distribution Management Group, Inc., (hereinafter referred to as "DMG") is a New Jersey Corporation organized and existing under the laws of the State of New Jersey with offices located at 207 Meadow Road, Edison, New Jersey 08817.

14.    DMS International, Inc., (hereinafter referred to as "DMS") is a New Jersey Corporation duly organized and exiting under the laws of the State of New Jersey with offices located at 207 Meadow Road, Edison, New Jersey 08817.

15.    Riveredge Transportation, Inc., (hereinafter referred to as "Riveredge") is a New Jersey Corporation duly organized and exiting under the laws of the State of New Jersey with offices located at 207 Meadow Road, Edison, New Jersey 08817.

16.    The amount in controversy exceeds the statutory mandated sum as set forth in 28 USC § 1332.

17.    This Court has diversity jurisdiction over this matter under 28 USC § 1332.

18.    Venue is proper pursuant to 28 USC § 1391(a) on the grounds that the Defendant Corporations are all New York Corporations transacting business in the State of New York.

## BACKGROUND FACTS

19.    Defendant, Frank, Jr., is the son of Defendant Frank.

20.    Defendant, Brunetti, is the son-in-law of Defendant Frank.

21.    Defendant, Roca, is the son-in-law of Defendant Robert.

22.    Plaintiff, Michael is a one-third shareholder of Amfak.

23.    Plaintiff, Michael is a director of Amfak.

24.    Plaintiff, Michael is an officer of Amfak.

3

25.     Defendant, Robert is a one-third shareholder of Amfak.

26.     Defendant, Robert is a director of Amfak.

27.     Defendant, Robert is an officer of Amfak.

28.     Defendant, Frank is a one-third shareholder of Amfak.

29.     Defendant, Frank is a director of Amfak.

30.     Defendant, Frank is an officer of Amfak.

31.     Plaintiff, Michael is a one-third shareholder of Drayage.

32.     Plaintiff, Michael is a director of Drayage.

33.     Plaintiff, Michael is an officer of Drayage.

31.     Defendant, Robert is a one-third shareholder of Drayage.

34.     Defendant, Robert is a director of Drayage.

35.     Defendant, Robert is an officer of Drayage.

36.     Defendant, Frank is a one-third shareholder of Drayage.

37.     Defendant, Frank is a director of Drayage.

38.     Defendant, Frank is an officer of Drayage.

39.     Defendant, Brunetti is a one-third shareholder of Bridgeside.

40.     Defendant, Brunetti is a director of Bridgeside.

41.     Defendant, Brunetti is an officer of Bridgeside.

42.     Defendant, Frank, Jr. is a one-third shareholder of Bridgeside.

43.     Defendant, Frank, Jr. is a director of Bridgeside.

44.     Defendant, Frank, Jr. is an officer of Bridgeside.

45.     Defendant, Roca is a one-third shareholder of Bridgeside.

46      Defendant, Roca is a director of Bridgeside.

47.     Defendant, Roca is an officer of Bridgeside.

48.     Plaintiff, Michael is a one-third shareholder of DMG.

49.     Plaintiff, Michael is a director of DMG.

50.     Plaintiff, Michael is an officer of DMG.

51.     Defendant, Frank is a one-third shareholder of DMG.

52.     Defendant, Frank is a director of DMG.

53.     Defendant, Frank is an officer of DMG.

54      Defendant, Robert is a one-third shareholder of DMG.

55.     Defendant, Robert is a director of DMG.

56.     Defendant, Robert is an officer of DMG.

57.     Plaintiff, Michael is a one-third shareholder of DMS.

58.     Plaintiff, Michael is a director of DMS.

59.     Plaintiff, Michael is an officer of DMS.

60.     Defendant, Frank is a one-third shareholder of DMS.

61.     Defendant, Frank is a director of DMS.

62.     Defendant, Frank is an officer of DMS.

63      Defendant, Robert is a one-third shareholder of DMS.

64.     Defendant, Robert is a director of DMS.

65.     Defendant, Robert is an officer of DMS.

66.     Plaintiff, Michael is a 50%  shareholder of Deliveries.

67.     Plaintiff, Michael is a director of Deliveries.

68.     Plaintiff, Michael is an officer of Deliveries.

69.     Defendant, Robert is a 50%  shareholder of Deliveries.

70.   Defendant, Robert is a director of Deliveries.

71.   Defendant, Robert is an officer of Deliveries.

72.   Defendant, Robert is a shareholder of Trucking.

73.   Defendant, Robert is a director of Trucking.

74.   Defendant, Robert is an officer of Trucking.

75.   Defendant, Frank is a shareholder of Trucking.

76.   Defendant, Frank is a director of Trucking.

77.   Defendant, Frank is an officer of Trucking.

78.   Defendant, Frank, Jr. is a shareholder of Trucking.

79.   Defendant, Frank, Jr. is a director of Trucking.

80.   Defendant, Frank, Jr. is an officer of Trucking.

81.   Plaintiff, Michael is a 20% shareholder of Riveredge.

82.   Plaintiff, Michael is a director of Riveredge.

83.   Plaintiff, Michael is an officer of Riveredge.

84.   Defendant, Robert is a 20% shareholder of Riveredge.

85.   Defendant, Robert is a director of Riveredge.

86.   Defendant, Frank is a 51% shareholder of Riveredge.

87.   Defendant, Frank is a director of Riveredge.

88.   Defendant, Frank is an officer of Riveredge.

89.   Anthony Buonicorsi, (hereinafter referred to as "Buonicorsi") is a 9% shareholder of Riveredge.

90.   Plaintiff, Michael is a 33 1/3% shareholder of Port.

91.   Plaintiff, Michael is a director of Port.

92.  Plaintiff, Michael is an officer of Port.

93.  Defendant, Robert is a 33 1/3% shareholder of Port.

94.  Defendant, Robert is a director of Port.

95.  Defendant, Robert is an officer of Port.

96.  Defendant, Frank is a 33 1/3% shareholder of Port.

97.  Defendant, Frank is a director of Port.

98.  Defendant, Frank is an officer of Port.

99.  Amfak is a non-vessel operator (a/k/a N.V.O.), whose business is primarily as a container transporter of goods via ocean and/or air to and from the United States.

100.  Defendant Drayage is in the business of trucking containers from ports, (both seaport and airports) to warehouses.

101.  Defendant Bridgeside is in the business of trucking containers from ports, (both seaport and airports) to warehouses.

102.  DMG operates warehousing facilities particularly for goods transported in containers.

103.  DMS is in the business of creating and operating software for the purposes of tracking customers' goods from the factory, while in transit, while in the warehouse and while in transit from the warehouse to its final delivery destination and/or storage facility.

104.  Defendant Deliveries primarily performs trucking services from airports directly to customers' warehouses, DMG's warehouses or customers' retail business operations.

105.  Defendant Trucking primarily performs trucking services from airports directly to customers' warehouses, DMG's warehouses or customers' retail business operations.

106.   Riveredge is primarily in the business of trucking goods from piers to DMG's facilities and from DMG's facilities to retail operations.

107.   Defendant Port is in the business of buying and/or leasing equipment and leasing equipment including but not limited to automobiles, trucks, hi-lo's and other machinery to the Defendants herein as well as DMG and Riveredge.

108.   Defendant, Frank is the brother of Plaintiff, Michael.

109.   Defendant, Robert is the brother of Plaintiff, Michael.

110.   Plaintiff, Michael's responsibilities with regard to Amfak was sales.

111.   Plaintiff, Michael's responsibilities with regard to Drayage was sales.

112.   Plaintiff, Michael's responsibilities with regard to DMG was sales.

113.   Plaintiff, Michael's responsibilities with regard to DMS was sales.

114.   Plaintiff, Michael's responsibilities with regard to Deliveries was sales.

115.   Defendant, Robert was responsible for trucking and transportation operations and management of the various business entities set forth hereinabove.

116.   Defendant, Frank was responsible for the operation and supervision of the warehousing operations, inclusive of container tracking services.

117.   Without Plaintiff, Michael's knowledge, Defendant, Frank intentionally, periodically, and regularly caused the various business entities, including the Defendants herein, to make inter-company transfers and make payments to Defendant Frank on Defendant Frank's behalf and for Defendant Frank's benefit in a sum in excess of Seventeen Million Dollars ($17,000,000.00), during the six-year period prior to the date hereof.

118.   Without Plaintiff, Michael's knowledge, Michael, Defendant, Robert intentionally, periodically, and regularly caused the various business entities, including the

Defendants herein, to make inter-company transfers and make payments to Defendant Robert on Defendant Robert's behalf and for Defendant Robert's benefit in a sum in excess of Four Million Dollars ($4,000,000.00), during the six-year period prior to the date hereof.

119.    Without Plaintiff, Michael's knowledge, Defendants Frank and Robert formed Defendant Bridgeside.

120.    Without Plaintiff, Michael's knowledge, Defendants Frank and Robert caused shares of Bridgeside to be issued to Defendant Brunetti, the son-in-law of Defendant Frank.

121.    Without Plaintiff, Michael's knowledge, Defendants Frank and Robert caused shares of Bridgeside to be issued to Defendant Frank, Jr., the son of Defendant Frank.

122.    Without Plaintiff, Michael's knowledge, Defendants Frank and Robert caused shares of Bridgeside to be issued to Defendant Roca, the son-in-law of Defendant Robert.

123.    Defendant Bridgeside maintains offices at the same location as Defendant Drayage.

124.    Defendant Bridgeside utilizes the same equipment as Drayage.

125.    Defendant Bridgeside operates the same vehicles as Drayage.

126.    Defendant Bridgeside utilizes the same telephone number as Drayage.

127.    Defendant Bridgeside employs the same employees as had been by Drayage.

128.    Defendant Bridgeside services the same customers as Drayage.

129.    Defendant Bridgeside utilizes the same customer list and vendors as Drayage.

130.    Defendant Bridgeside holds itself out as Drayage.

131.   Defendant Trucking maintains offices at the same location as Defendant Deliveries.

132.   Defendant Trucking utilizes the same equipment as Deliveries.

133.   Defendant Trucking operates the same vehicles as Deliveries.

134.   Defendant Trucking utilizes the same telephone number as Deliveries.

135.   Defendant Trucking employs the same employees as had been by Deliveries.

136.   Defendant Trucking services the same customers as Deliveries.

137.   Defendant Trucking utilizes the same customer list and vendors as Deliveries.

138.   Defendant Trucking holds itself out as Deliveries.

139.   Defendant Frank has caused Amfak to pay "consulting fees" to Defendant Port without the knowledge and/or consent of Plaintiff.

140.   Defendant Frank has caused Drayage to pay "consulting fees" to Defendant Port without the knowledge and/or consent of Plaintiff.

141.   Defendant Frank has caused DMG to pay "consulting fees" to Defendant Port without the knowledge and/or consent of Plaintiff.

142.   Defendant Frank has caused DMS to pay "consulting fees" to Defendant Port without the knowledge and/or consent of Plaintiff.

143.   Defendant Frank has caused Deliveries to pay "consulting fees" to Defendant Port without the knowledge and/or consent of Plaintiff.

144.   Defendant Frank has caused Riveredge to pay "consulting fees" to Defendant Port without the knowledge and/or consent of Plaintiff.

145.    Defendant Frank has caused Defendant Port to pay directly to Defendant Frank a sum in excess of Three Hundred Thousand Dollars per year ($300,000.00) for the period January 1999 through 2005 and continuing.

146.    On or before June 20, 2005, Defendant Frank was convicted of a felony in the United States District Court of the Eastern District of New York by reason of false testimony given by Defendant, Frank before a Federal Grand Jury.

147.    On or about June 20, 2005, Defendant Frank surrendered to the United States authorities and has been and is still confined to the federal penitentiary at Fort Dix, New Jersey.

148.    Soon after Defendant Frank's incarceration, Plaintiff became aware of evidence of financial misappropriations by the various Defendants herein and later became aware of the existence of Defendant Bridgeside.

149.    Soon after Defendant Frank's incarceration, Plaintiff became aware of evidence of financial misappropriations by the various Defendants herein and later became aware of the existence of Defendant Trucking.

150.    Plaintiff, Michael and Defendants, Frank and Robert caused Drayage to obtain a line of credit for the purposes of operating its business.

151.    Defendants Frank, and Robert and Plaintiff, Michael personally guaranteed the line of credit granted to Drayage.

152.    Defendant Bridgeside is utilizing Defendant Drayage's line of credit, in connection with the operation of its business without the knowledge and/or consent of Plaintiff.

153.    Defendant Bridgeside has converted and diverted the assets and business of Drayage without the knowledge and/or consent of Plaintiff.

11

154.    Defendants Frank, Robert, Brunetti, Frank, Jr., and Roca have conspired to and have converted the business of Drayage to Bridgeside.

155.    Judy Sinatra, (hereinafter referred to as "Sinatra"), a person known to have had a "romantic relationship" with Defendant Robert, has received and continues to receive a salary and other benefits including but not limited to health benefits from Defendant and/or its related companies, however, was never an employee for any Defendant and/or related sister companies referred to hereinabove.

156.    Laura Blass, (hereinafter referred to as "Blass"), a person known to have had a "romantic relationship" with Defendant Frank, has received and continues to receive a salary and other benefits including but not limited to health benefits from Defendant and/or its related companies, however, was never an employee for any Defendant and/or related sister companies referred to hereinabove.

157.    Defendants Frank and Robert have caused the corporate defendants to issue checks to the individual defendants or on behalf of the individual defendants without the knowledge and/or consent of Plaintiffs.

158.    Attached hereto as Exhibit "A" is a summary by company and by officer of a partial list of checks by category identifying the diversion of assets as set forth hereinabove.

159.    At no time did Plaintiff, Michael consent to the formation of Bridgeside.

160.    At no time did Plaintiff, Michael consent to the sale of Drayage's assets to Bridgeside.

161.    At no time did Plaintiff, Michael consent to the utilization of the line of credit by Bridgeside which was established for use by Drayage.

162.   Defendants Frank, Robert, Brunetti, Frank, Jr., and Roca have "frozen-out" Plaintiff, Michael from the business of Drayage and converted the assets for the use and benefit of Bridgeside.

163.   Defendants Robert, Frank, Brunetti, Frank, Jr., and Roca did not advise Plaintiff, Michael that Defendants had caused Bridgeside to be formed and conduct business.

164.   Defendants Robert, Frank, Brunetti, Frank, Jr., and Roca have received and continue to receive monetary compensation, dividends and other valuable assets as a result of the operation of Bridgeside.

165.   Defendants Robert, Frank, Brunetti, Frank, Jr., and Roca caused employees of Drayage to perform services on behalf of and in connection with the business of Bridgeside.

166.   Defendants Robert, Frank, Brunetti, Frank, Jr., and Roca did not disclose the foregoing to Plaintiffs and at no time did Plaintiffs consent thereto.

167.   At no time did Plaintiff, Michael consent to the formation of Trucking.

168.   At no time did Plaintiff, Michael consent to the sale of Deliveries' assets to Trucking.

169.   Defendants Frank, Robert, Brunetti, Frank, Jr., and Roca have "frozen-out" Plaintiff, Michael from the business of Deliveries and converted the assets for the use and benefit of Trucking.

170.   Defendants Robert, Frank, Brunetti, Frank, Jr., and Roca did not advise Michael that Defendants had caused Trucking to be formed and conduct business.

13

171.    Defendants Robert, Frank, Brunetti, Frank, Jr., and Roca have received and continue to receive monetary compensation, dividends and other valuable assets as a result of the operation of Trucking.

172.    Defendants Robert, Frank, Brunetti, Frank, Jr., and Roca caused employees of Deliveries to perform services on behalf of and in connection with the business of Trucking.

173.    Defendants Robert, Frank, Brunetti, Frank, Jr., and Roca did not disclose the foregoing to Plaintiffs and at no time did Plaintiffs consent thereto.

174.    For the period of January, 1999 through and including the date hereof and continuing, Defendant Robert has performed and continues to perform the same or similar management functions and duties for Bridgeside as he performed for Drayage.

175. For the period of January, 1999 through and including the date hereof and continuing, Defendant, Frank has performed and continues to perform the same or similar management functions and duties for Bridgeside as he performed for Drayage.

176.    For the period of January, 1999 through and including the date hereof and continuing, Defendant Robert has performed and continues to perform the same or similar management functions and duties for Trucking as he performed for Deliveries.

177. For the period of January, 1999 through and including the date hereof and continuing, Defendant, Frank has performed and continues to perform the same or similar management functions and duties for Trucking as he performed for Deliveries.

178.    Defendant Robert had continued to perform the same or similar management functions or duties as employee of Deliveries for the period of January 1, 1999, through and including the date hereof.

14

179.   Defendants Frank, Robert, Frank, Jr., Brunetti and Roca have caused Defendant companies and other related "sister" companies to increase the salaries said companies pay to the individual defendants and further pay expenses and make purchases on behalf of said Defendants without the consent of Plaintiff, to Plaintiff's detriment.

180.   Such payments were made at the request and the behest of Defendants Frank and Robert.

181.   Such payments were made without the consent of Plaintiff Michael.

182.   Defendants Frank, Robert, Brunetti, Frank, Jr., and Roca have caused the corporate Defendants to pay automobile expenses, including but not limited to car rental payments, lease payments, finance payments, repair costs, insurance costs, fuel costs, etc., on the individual Defendants' behalf without the knowledge and/or consent of Plaintiff Michael.

183.   Defendants Frank, Robert, Brunetti, Frank, Jr., and Roca have caused the corporate Defendants to pay miscellaneous expenses, on the individual Defendants' behalf without the knowledge and/or consent of Plaintiff Michael.

184.   Defendants Frank, Robert, Brunetti, Frank, Jr., and Roca have caused the corporate Defendants to pay for life insurance premiums, on the individual Defendants' behalf without the knowledge and/or consent of Plaintiff Michael.

185.   Defendants Frank, Robert, Brunetti, Frank, Jr., and Roca have caused the corporate Defendants to pay professional expenses, on the individual Defendants' behalf including but not limited to legal fees unrelated to the operation of the businesses, etc., without the knowledge and/or consent of Plaintiff Michael.

186.   Defendants Frank, Robert, Brunetti, Frank, Jr., and Roca have caused the corporate Defendants to pay for the repair, construction, and renovations of the individual

Defendants' personal homes and/or personal real estate expenses, without the knowledge and/or consent of Plaintiff Michael.

187.    Defendant Robert has a fiduciary duty as an officer and director of Drayage to Plaintiff.

188.    Defendant Frank has a fiduciary duty as an officer and director of Drayage to Plaintiff.

189.    Defendant Robert has a fiduciary duty as an officer and director of Deliveries to Plaintiff.

190.    Defendant Robert has a fiduciary duty as an officer and director of Port to Plaintiff.

191.    Defendant Frank has a fiduciary duty as an officer and director of Port to Plaintiff.

192.    Defendant Robert has breached his fiduciary duties to Plaintiff.

193.    Defendant Frank has breached his fiduciary duties to Plaintiff.

194.    Plaintiff Michael is bringing these causes of action both individually and derivatively on behalf of Drayage, pursuant to NY Bus. Corp. Law § 626 and § 720 as the secretary and treasurer of Drayage.

195.    Plaintiff, Michael is bringing these causes of action both individually and derivatively pursuant to NY Bus. Corp. Law § 626 and § 720 as a 33 1/3 % shareholder and director of Drayage.

196.    Plaintiff, Michael is bringing these causes of action both individually and derivatively on behalf of Deliveries, pursuant to NY Bus. Corp. Law § 626 and § 720 as the president and treasurer of Deliveries.

16

197.   Plaintiff, Michael is bringing these causes of action both individually and derivatively pursuant to NY Bus. Corp. Law § 626 and § 720 as a 50% shareholder and director of Deliveries.

198.   Plaintiff, Michael is bringing these causes of action both individually and derivatively on behalf of Port, pursuant to NY Bus. Corp. Law § 626 and § 720 as a vice president of Port.

199.   Plaintiff Michael is bringing these causes of action both individually and derivatively pursuant to NY Bus. Corp. Law § 626 and § 720 as a 33 1/3 % shareholder and director of Port.

200.   Defendants, Frank, Robert, Frank, Jr., Brunetti and Roca, in an attempt to defraud Plaintiffs formed Bridgeside.

201.   Defendants Frank, Robert and Frank, Jr., in an attempt to defraud Plaintiffs formed Trucking.

202.   Defendant Brunetti, as Defendant Frank's son-in-law and attorney-in-fact is a 33 1/3 % shareholder of Bridgeside.

203.   Defendant Frank, Jr., as Defendant Frank's son and attorney-in-fact holds 33 1/3% of the shares of stock of Defendant Bridgeside.

204.   Defendant Roca, as the son-in-law of Defendant Robert and attorney-in-fact for Robert, holds 33 1/3 % of the shares of Defendant Bridgeside.

205.   Defendant Robert owns one-third of the outstanding shares of Trucking.

206.   Defendant Frank, Jr., owns one-third of the outstanding share of Trucking.

207.   Defendant Frank owns one-third of the outstanding share of Trucking

208.   Bridgeside is in the same or similar business as Drayage.

17

209.   Trucking is in the same or similar business as Deliveries.

210.   Bridgeside operates out of the same premises as Drayage.

211.   Trucking operates out of the same premises as Deliveries.

212.   Bridgeside conducts its business using the same employees and the same equipment and telephone number as Drayage.

213.   Trucking conducts its business using the same employees and the same equipment and telephone number as Deliveries.

## AS AND FOR THE FIRST CAUSE OF ACTION

214   By reason of the foregoing, Plaintiffs seek judicial dissolution of Drayage pursuant to NY BCL § 1104 et. seq.

215.   By reason of the foregoing, Plaintiffs have been damaged in the sum of Twenty Million Dollars ($20,000,000.00).

## AS AND FOR THE SECOND CAUSE ACTION

216.   Plaintiffs repeats and reiterates each and every allegation contained in paragraph numbered (1) through (215) as if fully set forth at length herein.

217.   By reason of the foregoing, Plaintiffs seek judicial dissolution of Bridgeside pursuant to NY BCL § 1104 et. seq.

218.   By reason of the foregoing, Plaintiffs have been damaged in the sum of Twenty Million Dollars ($20,000,000.00).

## AS AND FOR A THIRD CAUSE OF ACTION

219.   Plaintiffs repeats and reiterates each and every allegation contained in paragraph numbered (1) through (218) as if fully set forth at length herein.

220. By reason of the foregoing, Plaintiffs seek judicial dissolution of Deliveries pursuant to NY BCL § 1104 et. seq.

221. By reason of the foregoing, Plaintiffs have been damaged in the sum of Twenty Million Dollars ($20,000,000.00).

## AS AND FOR A FOURTH CAUSE OF ACTION

222. Plaintiffs repeats and reiterates each and every allegation contained in paragraph numbered (1) through (221) as if fully set forth at length herein.

223. By reason of the foregoing, Plaintiffs seek judicial dissolution of Trucking pursuant to NY BCL § 1104 et. seq.

224. By reason of the foregoing, Plaintiffs have been damaged in the sum of Twenty Million Dollars ($20,000,000.00).

## AS AND FOR A FIFTH CAUSE OF ACTION

225. Plaintiffs repeats and reiterates each and every allegation contained in paragraph numbered (1) through (215) as if fully set forth at length herein.

226. By reason of the foregoing, Plaintiffs seek judicial dissolution of Port pursuant to NY BCL § 1104 et. seq.

227. By reason of the foregoing, Plaintiffs have been damaged in the sum of Twenty Million Dollars (**$20,000,000.00).**

## AS AND FOR A SIXTH CAUSE OF ACTION

228. Plaintiffs repeats and reiterates each and every allegation contained in paragraph numbered (1) through (218) as if fully set forth at length herein.

229. Defendants Frank, Robert, Frank, Jr., Brunetti and Roca have converted for their own use assets of Drayage, including but not limited to causing Drayage to transfer

19

assets to Bridgeside and to Defendants Frank, Robert, Frank, Jr., Brunetti and Roca, individually and/or pay the personal expenses of each Defendant individually, as more fully set forth hereinabove.

230.    By reason of the foregoing, Plaintiffs both individually and derivatively on behalf of Drayage have been damaged in the sum of Twenty Million Dollars ($20,000,000.00).

### AS AND FOR A SEVENTH CAUSE OF ACTION

231.    Plaintiffs repeats and reiterates each and every allegation contained in paragraph numbered (1) through (230) as if fully set forth at length herein.

232.    Defendants, Robert, Frank and Frank, Jr., have converted to their own use assets of Deliveries, including but not limited to causing Deliveries to transfer assets to Defendant Trucking, Robert, Frank and Frank Jr., individually and/or pay personal expenses for Robert, Frank and Frank, Jr., as more fully set forth hereinabove.

233.    By reason of the foregoing, Plaintiffs both individually and derivatively on behalf of Deliveries have been damaged in the sum of Twenty Million Dollars ($20,000,000.00).

### AS AND FOR AN EIGHTH CAUSE OF ACTION

234.    Plaintiffs repeats and reiterates each and every allegation contained in paragraph numbered (1) through (233) as if fully set forth at length herein.

235.    Defendants willfully and premeditatedly conspired with each other and willfully and premeditatedly entered into, embarked upon and acted upon a plan, scheme and conspiracy which was calculated, designed and intended to defraud and deceive Plaintiffs both individually and Drayage of valuable assets.

236. Defendants willfully and premeditatedly conspired to deprive Plaintiffs individually and Drayage of property, money and valuable rights.

237. Defendants had knowledge of the improper and fraudulent transfer of assets of Drayage without Plaintiffs knowledge.

238. Defendants caused Plaintiff to be "Frozen-out" of the business of Drayage.

239. Defendants conspired to deprive plaintiffs and Drayage of property, money and rights and to cause Drayage to lose business by forming "SHADOW" corporations under defendants' sole control whose businesses was similar to Drayage for the purpose of diverting property, money and assets to Defendants individually.

240. Each of the foregoing acts were committed by Defendants pursuant to and the furtherance of the conspiracy for the expressed and intended purpose of deceiving and defrauding Plaintiffs and Drayage, thereby depriving Plaintiffs of their money, property and rights.

241. The acts of Defendants were done willfully, maliciously and without cause and for the purpose of causing harm.

242. By reason of the foregoing, Plaintiffs have been damaged in the sum of Twenty Million Dollars ($20,000,000.00).

## AS AND FOR AN NINETH CAUSE OF ACTION

243. Plaintiffs repeats and reiterates each and every allegation contained in paragraph numbered (1) through (242) as if fully set forth at length herein.

244. Defendants willfully and premeditatedly conspired with each other and willfully and premeditatedly entered into, embarked upon and acted upon a plan, scheme and

21

conspiracy which was calculated, designed and intended to defraud and deceive Plaintiffs both individually and Deliveries of valuable assets.

245.    Defendants, willfully and premeditatedly conspired to deprive Plaintiffs individually and of property, money and valuable rights.

246.    Defendants had knowledge of the improper and fraudulent transfer of assets of Deliveries without Plaintiffs knowledge.

247.    Defendants caused Plaintiff to be "Frozen-out" of the business of Drayage.

248.    Defendants conspired to deprive plaintiffs and Deliveries of property, money and rights and to cause Deliveries to lose business by forming "SHADOW" corporations under defandants sole control whose businesses was similar to Deliveries for the purpose of diverting property, money and assets to Defendants individually.

249.    Each of the foregoing acts were committed by Defendants pursuant to and the furtherance of the conspiracy for the expressed and intended purpose of deceiving and defrauding Plaintiffs and Deliveries, thereby depriving Plaintiffs of their money, property and rights.

250.    The acts of Defendants were done willfully, maliciously and without cause and for the purpose of causing harm.

251.    By reason of the foregoing, Plaintiffs have been damaged in the sum of Twenty Million Dollars ($20,000,000.00).

## AS AND FOR AN TENTH CAUSE OF ACTION

252.    Plaintiffs repeats and reiterates each and every allegation contained in paragraph numbered (1) through (251) as if fully set forth at length herein.

253.    Defendants have refused to permit Plaintiffs to have access to the business records of Drayage.

254.    Defendants have mismanaged the properties and assets of Drayage.

255.    Defendants have diverted profits of Drayage for their own personal use, and to the detriment of Plaintiffs.

256.    The mismanagement of the properties and the concealment of the books and records of the Defendants have been done for the sole purpose of defrauding Plaintiffs and "freezing-out" Plaintiff from the business of Drayage.

257.    By reason of the foregoing, demand is hereby made for the appointment of a receiver by this Honorable Court pursuant to N.Y. CPLR §6401 to stop the continued erosion of corporate assets by Defendants.

258.    By reason of the foregoing, Plaintiff respectfully demands that this Honorable Court appoint a receiver to operate the business of Drayage.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION

259.    Plaintiffs repeats and reiterates each and every allegation contained in paragraph numbered (1) through (258) as if fully set forth at length herein.

260.    By reason of the foregoing, Plaintiff demands that a receiver be appointed pursuant to NY BCL § 1202 to operate the business of Drayage.

## AS AND FOR AN TWELFTH CAUSE OF ACTION

261.    Plaintiffs repeats and reiterates each and every allegation contained in paragraph numbered (1) through (260) as if fully set forth at length herein.

262.    Defendants have refused to permit Plaintiffs to have access to the business records of Bridgeside.

263.   Defendants have mismanaged the properties and assets of Bridgeside .

264.   Defendants have diverted profits of Bridgeside for their own personal use, and to the detriment of Plaintiffs.

265.   The mismanagement of the properties and the concealment of the books and records of the Defendants have been done for the sole purpose of defrauding Plaintiffs and "freezing-out" Plaintiff from the business of Bridgeside.

266.   By reason of the foregoing, demand is hereby made for the appointment of a receiver by this Honorable Court pursuant to N.Y. CPLR §6401 to stop the continued erosion of corporate assets by Defendants.

267.   By reason of the foregoing, Plaintiff respectfully demands that this Honorable Court appoint a receiver to operate the business of Bridgeside.

## AS AND FOR AN THIRTEENTH CAUSE OF ACTION

268.   Plaintiffs repeats and reiterates each and every allegation contained in paragraph numbered (1) through (267) as if fully set forth at length herein.

269.   By reason of the foregoing, Plaintiff demands that a receiver be appointed pursuant to NY BCL § 1202 to operate the business of Bridgeside

## AS AND FOR AN FOURTEENTH CAUSE OF ACTION

270.   Plaintiffs repeats and reiterates each and every allegation contained in paragraph numbered (1) through (270) as if fully set forth at length herein.

271.   Defendants have refused to permit Plaintiffs to have access to the business records of Deliveries.

272.   Defendants have mismanaged the properties and assets of Deliveries.

24

273.   Defendants have diverted profits of Deliveries for their own personal use, and to the detriment of Plaintiffs.

274.   The mismanagement of the properties and the concealment of the books and records of the Defendants have been done for the sole purpose of defrauding Plaintiffs and "freezing-out" Plaintiff from the business of Deliveries.

275.   By reason of the foregoing, demand is hereby made for the appointment of a receiver by this Honorable Court pursuant to N.Y. CPLR §6401 to stop the continued erosion of corporate assets by Defendants.

276.   By reason of the foregoing, Plaintiff respectfully demands that this Honorable Court appoint a receiver to operate the business of Deliveries.

## AS AND FOR AN FIFTEENTH CAUSE OF ACTION

277.   Plaintiffs repeats and reiterates each and every allegation contained in paragraph numbered (1) through (276) as if fully set forth at length herein.

278.   By reason of the foregoing, Plaintiff demands that a receiver be appointed pursuant to NY BCL § 1202 to operate the business of Deliveries.

## AS AND FOR AN SIXTEENTH CAUSE OF ACTION

279.   Plaintiffs repeats and reiterates each and every allegation contained in paragraph numbered (1) through (279) as if fully set forth at length herein.

280.   Defendants have refused to permit Plaintiffs to have access to the business records of Trucking.

281.   Defendants have mismanaged the properties and assets of Trucking.

282.   Defendants have diverted profits of Trucking. for their own personal use, and to the detriment of Plaintiffs.

25

283.    The mismanagement of the properties and the concealment of the books and records of the Defendants have been done for the sole purpose of defrauding Plaintiffs and "freezing-out" Plaintiff from the business of Trucking..

284.    By reason of the foregoing, demand is hereby made for the appointment of a receiver by this Honorable Court pursuant to N.Y. CPLR §6401 to stop the continued erosion of corporate assets by Defendants.

285.    By reason of the foregoing, Plaintiff respectfully demands that this Honorable Court appoint a receiver to operate the business of Trucking..

## AS AND FOR AN SEVENTEENTH CAUSE OF ACTION

286.    Plaintiffs repeats and reiterates each and every allegation contained in paragraph numbered (1) through (285) as if fully set forth at length herein.

287.    By reason of the foregoing, Plaintiff demands that a receiver be appointed pursuant to NY BCL § 1202 to operate the business of Trucking.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION

288.    Plaintiffs repeats and reiterates each and every allegation contained in paragraph numbered (1) through (287) as if fully set forth at length herein.

289.    Defendants have refused to permit Plaintiffs to have access to the business records of Port.

290.    Defendants have mismanaged the properties and assets of Port.

291.    Defendants have diverted profits of Port for their own personal use, and to the detriment of Plaintiffs.

292.    The mismanagement of the properties and the concealment of the books and records of the Defendants have been done for the sole purpose of defrauding Plaintiffs and "freezing-out" Plaintiff from the business of Port.

293.    By reason of the foregoing, demand is hereby made for the appointment of a receiver by this Honorable Court pursuant to N.Y. CPLR §6401 to stop the continued erosion of corporate assets by Defendants.

294.    By reason of the foregoing, Plaintiff respectfully demands that this Honorable Court appoint a receiver to operate the business of Port...

### AS AND FOR AN NINETEENTH CAUSE OF ACTION

295.    Plaintiffs repeats and reiterates each and every allegation contained in paragraph numbered (1) through (294) as if fully set forth at length herein.

296.    By reason of the foregoing, Plaintiff demands that a receiver be appointed pursuant to NY BCL § 1202 to operate the business of Port.

### AS AND FOR AN TWENTIETH CAUSE OF ACTION

297.    Plaintiffs repeats and reiterates each and every allegation contained in paragraph numbered (1) through (296) as if fully set forth at length herein.

298.    By reason of the foregoing, Plaintiff demands that the Court permanently enjoin Defendants from withdrawing and/or disposing of any money, property or other assets of Drayage, Bridgeside, Deliveries, Trucking, Port or any affiliates, subsidiaries or division thereof except in the regular course of business of the Corporate Defendants.

### AS AND FOR AN TWENTY-FIRST CAUSE OF ACTION

299.    Plaintiffs repeats and reiterates each and every allegation contained in paragraph numbered (1) through (298) as if fully set forth at length herein.

300.   By reason of the foregoing, Plaintiff hereby demands that Defendant be permanently enjoined from conducting business through Bridgeside and that all business previously performed by Bridgeside be conducted through Drayage.

## AS AND FOR AN TWENTY-SECOND CAUSE OF ACTION

301.   Plaintiffs repeats and reiterates each and every allegation contained in paragraph numbered (1) through (300) as if fully set forth at length herein.

302.   By reason of the foregoing, Plaintiff hereby demands that Defendant be permanently enjoined from conducting business through Trucking and that all business previously performed by Trucking be conducted through Deliveries.

## AS AND FOR AN TWENTY-THIRD CAUSE OF ACTION

303.   Plaintiffs repeats and reiterates each and every allegation contained in paragraph numbered (1) through (302) as if fully set forth at length herein.

304.   As a result of the foregoing mismanagement and concealment of records by Defendants, Plaintiffs hereby demand that Defendants account for all the assets diverted from Drayage, Deliveries, Port and any other affiliated companies without the authority and  for a judgment directing Defendants to return to Drayage, Deliveries and Port all monies and assets improperly distributed, diverted, converted or otherwise distributed to the individual Defendants or to third parties for the benefit of the individual defendants.

## AS AND FOR A TWENTY-FOURTH CAUSE OF ACTION

305.   Plaintiffs repeats and reiterates each and every allegation contained in paragraph numbered (1) through (304) as if fully set forth at length herein.

306.   Defendants acted in an illegal, unlawful, wanton, reckless, careless and intentional manner to such an extent as to cause Plaintiffs both individually and derivatively to demand punitive damages in the sum of Twenty Five Million Dollars ($25,000,000.00)

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

First Cause of Action:              JUDICIAL DISSOLUTION OF BRIDGESIDE DRAYAGE, INC. AND DAMAGES IN THE SUM OF $20,000,000.00;

Second Cause of Action:              JUDICIAL DISSOLUTION OF BRIDGESIDE, INC. AND DAMAGES IN THE SUM OF $20,000,000.00;

Third Cause of Action:              JUDICIAL DISSOLUTION OF JFK DELIVERIES, INC. AND DAMAGES IN THE SUM OF $20,000,000.00;

Fourth Cause of Action:              JUDICIAL DISSOLUTION OF JFK TRUCKING, INC. AND DAMAGES IN THE SUM OF $20,000,000.00;

Fifth Cause of Action:              JUDICIAL DISSOLUTION OF PORT EQUIPMENT RENTING, CORP. AND DAMAGES IN THE SUM OF $20,000,000.00;

Sixth Cause of Action:              DAMAGES IN THE SUM OF $20,000,000.00;

Seventh Cause of Action:              DAMAGES IN THE SUM OF $20,000,000.00;

Eighth Cause of Action:              DAMAGES IN THE SUM OF $20,000,000.00;

Ninth Cause of Action:              DAMAGES IN THE SUM OF $20,000,000.00;

Tenth Cause of Action:              APPOINTMENT OF A RECEIVER PURSUANT TO CPLR §6401 TO OPERATE BRIDGESIDE DRAYAGE, INC.;

Eleventh Cause of Action:              APPOINTMENT OF A RECEIVER PURSUANT TO BCL §1202 TO OPERATE BRIDGESIDE DRAYAGE, INC.;

Twelfth Cause of Action:                APPOINTMENT OF A RECEIVER PURSUANT
                                        TO CPLR §6401 TO OPERATE BRIDGESIDE,
                                        INC.;

Thirteenth Cause of Action:             APPOINTMENT OF A RECEIVER PURSUANT
                                        TO BCL §1202 TO OPERATE BRIDGESIDE,
                                        INC.;

Fourteenth Cause of Action:             APPOINTMENT OF A RECEIVER PURSUANT
                                        TO   CPLR   §6401   TO   OPERATE   JFK
                                        DELIVERIES, INC.;

Fifteenth Cause of Action:              APPOINTMENT OF A RECEIVER PURSUANT
                                        TO BCL §1202 TO OPERATE JFK DELIVERIES,
                                        INC.;

Sixteenth Cause of Action:              APPOINTMENT OF A RECEIVER PURSUANT
                                        TO CPLR §6401 TO OPERATE JFK TRUCKING,
                                        INC.;

Seventeenth Cause of Action:            APPOINTMENT OF A RECEIVER PURSUANT
                                        TO BCL §1202 TO OPERATE JFK TRUCKING,
                                        INC.

Eighteenth Cause of Action:             APPOINTMENT OF A RECEIVER PURSUANT
                                        TO   CPLR   §6401   TO   OPERATE   PORT
                                        EQUIPMENT RENTING, CORP.;

Nineteenth Cause of Action:             APPOINTMENT OF A RECEIVER PURSUANT
                                        TO   BCL   §1202   TO   OPERATE   PORT
                                        EQUIPMENT RENTING, CORP. ;

Twentieth Cause of Action:              INJUNCTION   PROHIBITING   FURTHUR
                                        WASTE BY DEFENDANTS;

Twenty-first Cause of Action:           INJUNCTION PROHIBITING THE OPERATION
                                        OF BUSINESS THROUGH BRIDGESIDE, INC.

Twenty-second Cause of Action:          INJUNCTION PROHIBITING THE OPERATION
                                        OF BUSINESS THROUGH JFK TRUCKING,
                                        INC.;

Twenty-third Cause of Action:           ACCOUNTING;

30

Twenty-fourth Cause of Action:          PUNATIVE  DAMAGES  IN  THE  SUM  OF
                                        $25,000,000.00

together with costs, disbursements and attorneys fees of this action along with punitive damages

in the sum of Twenty Five Million Dollars ($25,000,000.00) and Plaintiffs further demand

interest  and for such other and further relief as this Court may deem just and proper.


Dated:  Garden City, New York
        November 9, 2005

                                        Yours, etc.,

                                        SCHRIER, FISCELLA & SUSSMAN, LLC.


                                        By:     Richard E. Schrier, Esq.
                                                825 East Gate Boulevard, Suite 320
                                                Garden City, New York 11530
                                                Tel:  (516) 739-8000
                                                Fax: (516) 739-8004

# EXHIBIT "A"

ChecksByCompanySum

| Company | Description | PayTo | Benefactor | Chec | TTLChecks |
|---|---|---|---|---|---|
| BSD | Auto Lease & Purchase | BMW Financial Services | RLM | 9 | $6,694.94 |
| BSD | Auto Lease & Purchase | Champion Auto Leasing | RLM | 1 | $10,000.00 |
| BSD | Auto Lease & Purchase | Contract Leasing Corp | FJM | 3 | $1,044.24 |
| BSD | Auto Lease & Purchase | SAAB Financial Services Corp. | FJM | 17 | $9,783.50 |
| BSD | Expense Refunds | Frank J. Molfetta | FJM | 5 | $50,500.00 |
| BSD | Expense Refunds | lydia Calarco | FJM | 1 | $1,000.00 |
| BSD | Expense Refunds | Michael Zito | FJM | 37 | $46,674.74 |
| BSD | Expense Refunds | Peter Brunetti | FJM | 62 | $76,806.10 |
| BSD | Expense Refunds | Robert Molfetta | RLM | 16 | $81,000.00 |
| BSD | No Show Jobs/Personal Checks | Brie Moore | FJM | 20 | $7,090.00 |
| BSD | No Show Jobs/Personal Checks | Carmen Colon | FJM | 1 | $2,353.06 |
| BSD | No Show Jobs/Personal Checks | Carmine C. Uvino | FJM | 1 | $20,000.00 |
| BSD | No Show Jobs/Personal Checks | Carmine Ragucci | FJM | 1 | $1,391.33 |
| BSD | No Show Jobs/Personal Checks | Rhonda Pisciotti | FJM | 1 | $1,285.00 |
| BSD | Personal Home Repairs & Expenses. | Clean Venture | FJM | 1 | $2,000.00 |
| BSD | Personal Home Repairs & Expenses. | John Koslowski | FJM | 4 | $9,998.63 |
| BSD | Personal Home Repairs & Expenses. | Terra Tile And Marble | FJM | 1 | $463.04 |
| BSD | Personal Home Repairs & Expenses. | Time Warner Cable | FJM | 3 | $112.33 |
| BSD | Personal Home Repairs & Expenses. | Verizon Wireless | FJM | 1 | $457.59 |
| BSD | Personal Insurance | Allstate Insurance Co. | FJM | 2 | $3,346.90 |
| BSD | Personal Insurance | Peter Brunetti | FJM | 1 | $1,230.65 |
| BSD | Personal Investment | Crum & Foster | FJM | 1 | $29,494.89 |
| BSD | Personal Mortages | Bank Of America | FJM | 1 | $767.78 |
| BSD | Personal Mortages | First Union National Bank | FJM | 4 | $2,036.56 |
| BSD | Personal Taxes | Peter Brunetti | FJM | 1 | $800.00 |
| BSD | Petty Cash | Cash | FJM | 30 | $55,254.02 |
| BSD | Petty Cash | Petty Cash | FJM | 378 | $1,920,862.66 |
| BSD | Profit Diversions | CBT Leasing | FJM | 1 | $23,301.65 |
| BSD | Profit Diversions | Distribution Management Group, Inc. | FJM | 99 | $262,685.32 |
| BSD | Profit Diversions | DMG | FJM | 1 | $4,000.00 |
| BSD | Profit Diversions | Jacobi,Sieghardt,Bousanti,Barone,Piazza & Scano | FJM | 1 | $5,000.00 |
| BSD | Profit Diversions | Riveredge Transportation, Inc. | FJM | 35 | $220,469.82 |
| BSD | T & E Expenses | Advanta Business Cards | FJM | 1 | $982.35 |
| BSD | T & E Expenses | American Express | FJM | 39 | $201,782.49 |
| BSD | T & E Expenses | AT&T Universal Card | FJM | 5 | $4,603.79 |
| BSD | T & E Expenses | Bank One Master Card | FJM | 1 | $161.86 |

ChecksByCompanySum

| Company | Category | Payee | Init | Count | Amount |
|---|---|---|---|---|---|
| BSD | T & E Expenses | Cabelas Visa | FJM | 5 | $2,871.70 |
| BSD | T & E Expenses | Catering By Thelma, Inc. | FJM | 1 | $2,092.00 |
| BSD | T & E Expenses | Chase Master Card | FJM | 1 | $1,511.51 |
| BSD | T & E Expenses | CIBQ Speciality Food Service LLC | FJM | 1 | $213.00 |
| BSD | T & E Expenses | Citi Cards | FJM | 1 | $169.75 |
| BSD | T & E Expenses | Citibank Master Card | FJM | 2 | $1,952.42 |
| BSD | T & E Expenses | Citibank Visa | FJM | 11 | $8,853.12 |
| BSD | T & E Expenses | Colavita | FJM | 14 | $4,998.88 |
| BSD | T & E Expenses | Colonia Country Club | FJM | 23 | $26,870.23 |
| BSD | T & E Expenses | Country Club Limousines Ltd. | FJM | 9 | $5,314.00 |
| BSD | T & E Expenses | Harley Davidson Card Services | FJM | 1 | $1,630.00 |
| BSD | T & E Expenses | MBNA America | FJM | 5 | $1,500.31 |
| BSD | T & E Expenses | Penny Pockets | FJM | 1 | $876.00 |
| BSD | T & E Expenses | Snug Harbor Cultural Center | FJM | 3 | $1,250.00 |
| BSD | T & E Expenses | Spina Bifida Association | FJM | 1 | $2,825.00 |
| BSD | T & E Expenses | Universal Card | FJM | 1 | $3,591.76 |
| BSD | Unpaid Loans | Bridgeside Drayage, Inc. | FJM | 13 | $1,153,771.92 |
| BSD | Unpaid Loans | Distribution Management Group, Inc. | FJM | 5 | $400,000.00 |
| BSD | Unpaid Loans | Frank S. Molfetta | FJM | 1 | $7,000.00 |
| BSD | Unpaid Loans | Michael Zito | FJM | 2 | $40,000.00 |
| BSD | Unpaid Loans | Peter Brunetti | FJM | 1 | $25,000.00 |
| BSD | Unpaid Loans | Robert Molfetta | RLM | 1 | $30,000.00 |
| | | | | | $4,788,226.84 |
| BSI | Auto Lease & Purchase | Chase Automotive Finance | FJM | 1 | $514.56 |
| BSI | Auto Lease & Purchase | Contract Leasing Corp | FJM | 2 | $660.00 |
| BSI | Auto Lease & Purchase | SAAB Financial Services Corp. | FJM | 6 | $3,452.50 |
| BSI | Expense Refunds | Michael Zito | FJM | 11 | $17,344.52 |
| BSI | Expense Refunds | Peter Brunetti | FJM | 12 | $18,795.00 |
| BSI | Expense Refunds | Robert Molfetta | RLM | 8 | $18,000.00 |
| BSI | No Show Jobs/Personal Checks | Brie Moore | FJM | 3 | $1,200.00 |
| BSI | No Show Jobs/Personal Checks | Carmine C. Uvino | FJM | 1 | $32,000.00 |
| BSI | Personal Home Repairs & Expenses. | Time Warner Cable | FJM | 4 | $178.36 |
| BSI | Personal Home Repairs & Expenses. | Verizon Wireless | FJM | 5 | $2,323.76 |
| BSI | Personal Insurance | Allstate Insurance Co. | FJM | 2 | $4,045.50 |
| BSI | Personal Insurance | American General Life Insurance | FJM | 1 | $5,264.43 |

ChecksByCompanySum

| Company | Category | Name | Initials | Count | Amount |
|---|---|---|---|---|---|
| BSI | Personal Insurance | State Insurance Fund | FJM | 1 | $1,566.45 |
| BSI | Personal Legal & Accounting Fees | Concentra Medical Centers | FJM | 6 | $1,595.00 |
| BSI | Personal Legal & Accounting Fees | Tendler Associates, Inc. | FJM | 1 | $5,000.00 |
| BSI | Petty Cash | Cash | FJM | 4 | $8,456.00 |
| BSI | Petty Cash | Petty Cash | FJM | 168 | $698,269.20 |
| BSI | Profit Diversions | Bridgeside Drayage, Inc. | FJM | 1 | $5,000.00 |
| BSI | Profit Diversions | CBT Leasing | FJM | 3 | $39,340.70 |
| BSI | Profit Diversions | Distribution Management Group, Inc. | FJM | 35 | $117,291.19 |
| BSI | Profit Diversions | Riveredge Transportation, Inc. | FJM | 15 | $127,678.26 |
| BSI | T & E Expenses | American Express | FJM | 17 | $79,225.87 |
| BSI | T & E Expenses | AT&T Universal Card | FJM | 1 | $590.55 |
| BSI | T & E Expenses | Cabelas Visa | FJM | 6 | $5,027.59 |
| BSI | T & E Expenses | Citi Cards | FJM | 1 | $174.54 |
| BSI | T & E Expenses | Colavita | FJM | 6 | $2,143.53 |
| BSI | T & E Expenses | Colonia Country Club | RLM | 4 | $1,456.12 |
| BSI | T & E Expenses | Country Club Limousines Ltd. | FJM | 2 | $515.00 |
| BSI | Unpaid Loans | Bridgeside Drayage, Inc. | FJM | 1 | $100,000.00 |
| | | | | | $1,297,108.63 |
| DMG | Auto Lease & Purchase | Bay Ridge Volvo | RLM | 1 | $10,000.00 |
| DMG | Auto Lease & Purchase | BMW Financial Services | RLM | 3 | $1,917.50 |
| DMG | Auto Lease & Purchase | Caro Direct | FJM | 1 | $7,500.00 |
| DMG | Auto Lease & Purchase | Chase Automotive Finance | FJM | 1 | $567.77 |
| DMG | Auto Lease & Purchase | D'Amico Lincoln Mercury | RLM | 1 | $374.17 |
| DMG | Auto Lease & Purchase | Dana Lincoln Mercury | RLM | 2 | $1,250.76 |
| DMG | Auto Lease & Purchase | DiFeo Lexus | FJM | 1 | $337.33 |
| DMG | Auto Lease & Purchase | Dime Auto Finance | FJM | 16 | $11,954.56 |
| DMG | Auto Lease & Purchase | Ford Credit | FJM | 10 | $3,279.37 |
| DMG | Auto Lease & Purchase | Lexus Financial Services | RLM | 2 | $1,155.36 |
| DMG | Auto Lease & Purchase | S & B Auto | FJM | 1 | $4,000.00 |
| DMG | Expense Refunds | Dawn & Mike Innes | RLM | 1 | $5,000.00 |
| DMG | Expense Refunds | Dawn Molfetta | RLM | 1 | $4,500.00 |
| DMG | Expense Refunds | Frank Gangemi | RLM | 9 | $7,368.75 |
| DMG | Expense Refunds | Frank J. Molfetta | FJM | 109 | $660,793.28 |
| DMG | Expense Refunds | Frank S. Molfetta | FJM | 73 | $89,040.04 |
| DMG | Expense Refunds | John Roca | RLM | 70 | $84,668.72 |

ChecksByCompanySum

| | | | | | |
|---|---|---|---|---|---|
| DMG | Expense Refunds | lydia Calarco | FJM | 24 | $23,714.22 |
| DMG | Expense Refunds | Lydia Keenan | FJM | 48 | $80,412.25 |
| DMG | Expense Refunds | Michael Zito | FJM | 7 | $1,050.00 |
| DMG | Expense Refunds | Peter Brunetti | FJM | 60 | $20,640.00 |
| DMG | Expense Refunds | Robert Molfetta | RLM | 49 | $193,480.61 |
| DMG | No Show Jobs/Personal Checks | Brie Moore | FJM | 31 | $10,850.00 |
| DMG | No Show Jobs/Personal Checks | Carmine C. Uvino | FJM | 2 | $50,000.00 |
| DMG | No Show Jobs/Personal Checks | Helene Lanzier | FJM | 4 | $4,009.80 |
| DMG | No Show Jobs/Personal Checks | John Egidio | FJM | 1 | $4,000.00 |
| DMG | No Show Jobs/Personal Checks | L. Seich | FJM | 2 | $2,775.00 |
| DMG | No Show Jobs/Personal Checks | Laura Blass | FJM | 4 | $12,529.22 |
| DMG | No Show Jobs/Personal Checks | Mr. & Mrs. D Keenan | FJM | 1 | $2,500.00 |
| DMG | No Show Jobs/Personal Checks | Mr. & Mrs. D'Esposito | FJM | 1 | $5,000.00 |
| DMG | No Show Jobs/Personal Checks | P. Gaglio | RLM | 1 | $5,000.00 |
| DMG | Personal Home Repairs & Expenses. | Bob Collins | FJM | 1 | $260.00 |
| DMG | Personal Home Repairs & Expenses. | Brothers | FJM | 1 | $604.20 |
| DMG | Personal Home Repairs & Expenses. | Carpet Showcase | FJM | 1 | $2,650.00 |
| DMG | Personal Home Repairs & Expenses. | Costco | FJM | 64 | $54,755.86 |
| DMG | Personal Home Repairs & Expenses. | Custom Landscape Systems, Inc. | FJM | 14 | $11,455.17 |
| DMG | Personal Home Repairs & Expenses. | Edison Millwork & Hardware | FJM | 25 | $70,757.51 |
| DMG | Personal Home Repairs & Expenses. | Fords Lawnmower | FJM | 1 | $983.80 |
| DMG | Personal Home Repairs & Expenses. | Hitachi Credit America Corp | FJM | 1 | $4,165.01 |
| DMG | Personal Home Repairs & Expenses. | Home Depot | FJM | 51 | $60,148.54 |
| DMG | Personal Home Repairs & Expenses. | John Koslowski | FJM | 118 | $353,731.36 |
| DMG | Personal Home Repairs & Expenses. | Lincoln Plumbing & Htg Supply Corp | FJM | 1 | $1,376.65 |
| DMG | Personal Home Repairs & Expenses. | P.C. Richard & Son | FJM | 2 | $1,563.43 |
| DMG | Personal Home Repairs & Expenses. | Paradise Lawns, Inc. | FJM | 8 | $6,137.44 |
| DMG | Personal Home Repairs & Expenses. | Worldwide Carpet | FJM | 1 | $208.93 |
| DMG | Personal Insurance | All American Life Insurance Co | FJM | 6 | $51,021.47 |
| DMG | Personal Insurance | Allstate Insurance Co. | FJM | 6 | $5,835.60 |
| DMG | Personal Insurance | American General Life Insurance | FJM | 4 | $38,883.88 |
| DMG | Personal Insurance | Guardian | FJM | 5 | $12,532.10 |
| DMG | Personal Insurance | Hanover Insurance Company | FJM | 2 | $1,218.05 |
| DMG | Personal Insurance | Progressive Automotive | FJM | 1 | $3,746.10 |
| DMG | Personal Insurance | Prudential | FJM | 1 | $10,370.00 |
| DMG | Personal Insurance | State Farm Insurance | FJM | 3 | $3,013.32 |
| DMG | Personal Investment | BPD International Bank | FJM | 2 | $1,139.58 |

ChecksByCompanySum

| Company | Category | Name | Code | Count | Amount |
|---|---|---|---|---|---|
| DMG | Personal Investment | CIT Technology Fin Serv, Inc. | FJM | 11 | $10,983.54 |
| DMG | Personal Investment | Citicapital | FJM | 35 | $300,457.53 |
| DMG | Personal Investment | Citicorp Vendor Finance, Inc. | FJM | 60 | $97,952.45 |
| DMG | Personal Investment | Costom & Lichtman, Trust Acct. | FJM | 13 | $14,677.70 |
| DMG | Personal Investment | De Lage Landen Financial Svcs. | FJM | 1 | $210.94 |
| DMG | Personal Investment | Enron Capital & Trade | FJM | 19 | $54,825.99 |
| DMG | Personal Investment | Fortis | FJM | 1 | $613.14 |
| DMG | Personal Investment | Nelvcourt Financial | FJM | 2 | $12,453.50 |
| DMG | Personal Investment | NMHG Financial Services | FJM | 23 | $128,331.47 |
| DMG | Personal Investment | The Associates | FJM | 20 | $205,219.88 |
| DMG | Personal Investment | United Of Omaha | FJM | 15 | $6,303.59 |
| DMG | Personal Investment | Woird Omni Financial Corp. | FJM | 17 | $8,549.09 |
| DMG | Personal Legal & Accounting Fees | Emergency Medical Associates | FJM | 1 | $321.00 |
| DMG | Personal Legal & Accounting Fees | Frank Shober, Inc. | FJM | 2 | $7,525.24 |
| DMG | Personal Legal & Accounting Fees | State Of New Jersey - CBT | FJM | 1 | $10,074.00 |
| DMG | Personal Legal & Accounting Fees | Tendler | FJM | 1 | $2,500.00 |
| DMG | Personal Legal & Accounting Fees | Tendler Associates, Inc. | FJM | 2 | $3,500.00 |
| DMG | Personal Mortages | Associates Commercial Corp | FJM | 14 | $26,647.35 |
| DMG | Personal Mortages | Edison Tyler Village Court | FJM | 18 | $17,962.88 |
| DMG | Personal Mortages | M & T Mortgage Corp | FJM | 29 | $23,674.94 |
| DMG | Personal Mortages | Superior Bank | FJM | 5 | $3,425.85 |
| DMG | Petty Cash | Wells Fargo Home Mortgage | RLM | 1 | $300.00 |
| DMG | Petty Cash | Cash | FJM | 73 | $202,913.39 |
| DMG | Petty Cash | Petty Cash | FJM | 94 | $255,037.39 |
| DMG | Profit Diversions | D & L | FJM | 4 | $4,328.50 |
| DMG | Profit Diversions | Distribution Management Group, Inc. | FJM | 64 | $2,052,333.33 |
| DMG | Profit Diversions | JFK Deliveries | RLM | 1 | $15,428.36 |
| DMG | Profit Diversions | Port Equipment Renting Corp | FJM | 71 | $1,759,500.00 |
| DMG | Profit Diversions | Riveredge Transportation, Inc. | FJM | 88 | $790,608.00 |
| DMG | Profit Diversions | Riveredge Unloading Account | FJM | 1 | $10,000.00 |
| DMG | T & E Expenses | Adios Golf Club | FJM | 7 | $18,014.33 |
| DMG | T & E Expenses | Advanta Bank Corp | FJM | 12 | $18,547.25 |
| DMG | T & E Expenses | Advanta Business Cards | FJM | 10 | $19,565.72 |
| DMG | T & E Expenses | American Express | FJM | 99 | $449,554.28 |
| DMG | T & E Expenses | American Express Centurion Bank | FJM | 2 | $707.57 |
| DMG | T & E Expenses | Barry Herman Orchestras | FJM | 1 | $2,400.00 |
| DMG | T & E Expenses | Bayway Liquors | FJM | 1 | $4,158.47 |

ChecksByCompanySum

| | | | | | |
|---|---|---|---|---|---|
| DMG | T & E Expenses | Bedrock Granite | RLM | 1 | $7,300.00 |
| DMG | T & E Expenses | Best Entertainment Group, Inc. | FJM | 1 | $1,060.00 |
| DMG | T & E Expenses | Catering By Thelma, Inc. | FJM | 4 | $8,371.26 |
| DMG | T & E Expenses | Citibank Aadvantage | FJM | 4 | $1,465.91 |
| DMG | T & E Expenses | Colavita | FJM | 4 | $586.42 |
| DMG | T & E Expenses | Colonia Country Club | FJM | 74 | $189,056.83 |
| DMG | T & E Expenses | Con Export | FJM | 3 | $4,052.00 |
| DMG | T & E Expenses | Concorde Limousine | FJM | 4 | $1,120.28 |
| DMG | T & E Expenses | Country Club Limousines Ltd. | FJM | 7 | $5,778.00 |
| DMG | T & E Expenses | CYO Camp | FJM | 1 | $900.00 |
| DMG | T & E Expenses | Dicks Deli | RLM | 1 | $2,050.00 |
| DMG | T & E Expenses | Dick's Delicatessen | RLM | 2 | $4,911.00 |
| DMG | T & E Expenses | Diners Club. | FJM | 21 | $10,829.80 |
| DMG | T & E Expenses | Discover Platinum Card | FJM | 1 | $395.14 |
| DMG | T & E Expenses | Euromoda Ltd. | FJM | 1 | $1,430.00 |
| DMG | T & E Expenses | EZ Auto Glass Installers, Inc. | FJM | 1 | $90.10 |
| DMG | T & E Expenses | Franboise Catering | FJM | 1 | $1,742.95 |
| DMG | T & E Expenses | Frank Puleo | FJM | 1 | $2,128.84 |
| DMG | T & E Expenses | Harvest Wine & Spirits | FJM | 1 | $485.03 |
| DMG | T & E Expenses | Hemamglona | FJM | 1 | $1,250.00 |
| DMG | T & E Expenses | LaBottega Wine & Liquor | FJM | 2 | $10,412.83 |
| DMG | T & E Expenses | Liberty Travel | FJM | 1 | $2,588.00 |
| DMG | T & E Expenses | Liquor Locker | FJM | 8 | $22,862.85 |
| DMG | T & E Expenses | Macys | FJM | 1 | $76.23 |
| DMG | T & E Expenses | MBNA America | FJM | 3 | $1,700.48 |
| DMG | T & E Expenses | Mr. Beauty Equipment | FJM | 1 | $1,500.00 |
| DMG | T & E Expenses | Old Mill Yacht Club | FJM | 4 | $850.00 |
| DMG | T & E Expenses | Panicos | FJM | 4 | $1,893.25 |
| DMG | T & E Expenses | Pier 1 Imports | FJM | 1 | $376.47 |
| DMG | T & E Expenses | Pleasantdale Chateau | FJM | 1 | $30,503.77 |
| DMG | T & E Expenses | Richmond Ceramic Tile | RLM | 1 | $2,200.31 |
| DMG | T & E Expenses | Roselle Park World Of Liquor | FJM | 1 | $1,897.64 |
| DMG | T & E Expenses | Sabrina Chrystal | FJM | 2 | $1,357.50 |
| DMG | T & E Expenses | Snug Harbor Cultural Center | FJM | 20 | $43,425.00 |
| DMG | T & E Expenses | Spectra Auto Body Inc. | FJM | 1 | $1,126.78 |
| DMG | T & E Expenses | Sterling World Of Liquors | FJM | 10 | $17,228.51 |
| DMG | T & E Expenses | Tiro A Segno Foundation Inc. | FJM | 2 | $1,231.54 |

ChecksByCompanySum

| | Category | Payee | Initials | Count | Amount |
|---|---|---|---|---|---|
| DMG | T & E Expenses | Tiro A Segno Fusileers | FJM | 1 | $400.00 |
| DMG | T & E Expenses | Tiro A Segno Of New York, Inc. | FJM | 24 | $27,495.86 |
| DMG | T & E Expenses | Woird Of Liquors | FJM | 1 | $5,240.00 |
| DMG | T & E Expenses | Zippos | FJM | 6 | $5,697.46 |
| DMG | Unpaid Loans | Bridgeside Drayage, Inc. | FJM | 10 | $615,000.00 |
| DMG | Unpaid Loans | Citibank/Distribution Mgt. Group | FJM | 1 | $25,000.00 |
| DMG | Unpaid Loans | Dolores Wing | FJM | 1 | $4,200.00 |
| DMG | Unpaid Loans | Frank J. Molfetta | FJM | 2 | $360,000.00 |
| DMG | Unpaid Loans | Frank S. Molfetta | FJM | 2 | $42,000.00 |
| DMG | Unpaid Loans | Lydia Keenan | FJM | 1 | $4,000.00 |
| DMG | Unpaid Loans | Riveredge Transportation, Inc. | FJM | 2 | $35,000.00 |
| DMG | Unpaid Loans | Robert Molfetta | RLM | 2 | $105,000.00 |
| | | | | | $10,141,122.47 |
| JFK | Auto Lease & Purchase | Contract Leasing Corp | RLM | 2 | $1,665.53 |
| JFK | Auto Lease & Purchase | Volvo of Edison | RLM | 1 | $1,278.38 |
| JFK | Expense Refunds | Anthony Farina | RLM | 2 | $700.00 |
| JFK | Expense Refunds | Frank J. Molfetta | FJM | 4 | $6,000.00 |
| JFK | Expense Refunds | Robert Molfetta | RLM | 7 | $12,500.00 |
| JFK | Personal Home Repairs & Expenses. | Verizon Wireless | RLM | 3 | $716.13 |
| JFK | Personal Insurance | Allstate Insurance Co. | RLM | 1 | $82.70 |
| JFK | Personal Insurance | Prudential | FJM | 1 | $2,683.74 |
| JFK | Personal Investment | International Marketing Consultants | RLM | 1 | $259.75 |
| JFK | Personal Investment | Navistar Financial Corp | RLM | 2 | $6,189.38 |
| JFK | Personal Investment | Tender Associates, Inc. | FJM | 1 | $500.00 |
| JFK | Personal Legal & Accounting Fees | Cash | RLM | 5 | $2,426.77 |
| JFK | Petty Cash | Distribution Management Group, Inc. | FJM | 5 | $6,000.00 |
| JFK | Profit Diversions | American Express | RLM | 10 | $59,984.30 |
| JFK | T & E Expenses | Bergen County 200 Club | RLM | 1 | $1,400.00 |
| JFK | T & E Expenses | Citi Cards | RLM | 4 | $3,026.69 |
| JFK | T & E Expenses | Colonia Country Club | RLM | 12 | $24,511.21 |
| JFK | T & E Expenses | Discover Card | RLM | 1 | $1,000.00 |
| JFK | T & E Expenses | Exxon Mobil | RLM | 1 | $1,033.24 |
| JFK | T & E Expenses | Zippos | RLM | 1 | $1,139.50 |
| | | | | | $133,097.32 |

ChecksByCompanySum

| Company | Category | Name | Initials | Count | Amount |
|---|---|---|---|---|---|
| PORT | Expense Refunds | Peter Brunetti | FJM | 1 | $400.00 |
| PORT | No Show Jobs/Personal Checks | Ann Brunetti | FJM | 1 | $500.00 |
| PORT | No Show Jobs/Personal Checks | Brie Moore | FJM | 1 | $400.00 |
| PORT | No Show Jobs/Personal Checks | Denise Mershon | FJM | 3 | $800.00 |
| PORT | Personal Home Repairs & Expenses. | Huguenot Pharmacy | FJM | 9 | $4,750.00 |
| PORT | Personal Home Repairs & Expenses. | Isadore Rosenfeld MD | FJM | 2 | $425.00 |
| PORT | Personal Home Repairs & Expenses. | Madison Medical Group | FJM | 1 | $15.00 |
| PORT | Personal Home Repairs & Expenses. | Sona I. Degann MD PC | FJM | 1 | $250.00 |
| PORT | Personal Home Repairs & Expenses. | Structure House | FJM | 4 | $5,851.83 |
| PORT | Personal Legal & Accounting Fees | Dr. Deyann | FJM | 1 | $250.00 |
| PORT | Personal Legal & Accounting Fees | Dr. Marilyn G Karmason | FJM | 5 | $2,875.00 |
| PORT | Personal Legal & Accounting Fees | Dr. Robert Sorrentino, D.M.D | FJM | 3 | $2,650.00 |
| PORT | Personal Legal & Accounting Fees | Dr. Schmerin | FJM | 1 | $200.02 |
| PORT | Personal Legal & Accounting Fees | E- MED, LLP | FJM | 1 | $22.00 |
| PORT | Personal Legal & Accounting Fees | State Of New Jersey - CBT | FJM | 1 | $383.00 |
| PORT | Personal Legal & Accounting Fees | Tendler Associates, Inc. | FJM | 8 | $6,750.00 |
| PORT | Personal Legal & Accounting Fees | NJ Division Of Taxation | FJM | 1 | $240.00 |
| PORT | Personal Taxes | Distribution Management Group, Inc. | FJM | 3 | $1,476.00 |
| PORT | Profit Diversions | DMG | FJM | 2 | $994.00 |
| PORT | Profit Diversions | Port Equipment Renting Corp | FJM | 1 | $1,500.00 |
| PORT | Profit Diversions | Cohen's Fashion Optical | FJM | 1 | $3,425.00 |
| PORT | T & E Expenses | | | | **$34,146.85** |
| RTI | Auto Lease & Purchase | America Honda Finance | FJM | 10 | $4,113.02 |
| RTI | Auto Lease & Purchase | Chase Automotive Finance | FJM | 7 | $5,251.89 |
| RTI | Auto Lease & Purchase | Chrysler Credit Corp | FJM | 20 | $9,917.35 |
| RTI | Auto Lease & Purchase | D'Amico Lincoln Mercury | RLM | 1 | $77.46 |
| RTI | Auto Lease & Purchase | DiFeo Lexus | FJM | 1 | $499.23 |
| RTI | Auto Lease & Purchase | Lexus Financial Services | RLM | 1 | $3,400.22 |
| RTI | Auto Lease & Purchase | Mercedes Benz Credit Corp | RLM | 50 | $57,202.96 |
| RTI | Auto Lease & Purchase | Open Road Honda | FJM | 1 | $351.72 |
| RTI | Auto Lease & Purchase | Reydel Volkswagen | FJM | 1 | $24,990.00 |
| RTI | Expense Refunds | Frank J. Molfetta | FJM | 2 | $108,954.98 |
| RTI | Expense Refunds | Lydia Keenan | FJM | 1 | $1,500.00 |
| RTI | Expense Refunds | Michael Zito | FJM | 1 | $4,504.64 |

ChecksByCompanySum

| Company | Category | Payee | | Count | Amount |
|---|---|---|---|---|---|
| RTI | Expense Refunds | Peter Brunetti | FJM | 1 | $11,658.60 |
| RTI | No Show Jobs/Personal Checks | Carmine C. Uvino | FJM | 1 | $18,000.00 |
| RTI | Personal Home Repairs & Expenses. | Fords Lawnmower | RLM | 1 | $2,223.88 |
| RTI | Personal Insurance | Banc Of America Auto Insurance | FJM | 2 | $360.32 |
| RTI | Personal Insurance | Prudential | FJM | 1 | $10,370.00 |
| RTI | Personal Insurance | State Farm Insurance | FJM | 2 | $1,384.09 |
| RTI | Personal Insurance | Tendler Associates, Inc. | FJM | 3 | $5,500.00 |
| RTI | Personal Legal & Accounting Fees | Bank Of America | FJM | 13 | $10,656.10 |
| RTI | Personal Mortages | Cash | FJM | 32 | $60,207.67 |
| RTI | Petty Cash | Petty Cash | FJM | 28 | $139,619.97 |
| RTI | Petty Cash | AJC | FJM | 1 | $9,553.15 |
| RTI | Profit Diversions | Bridgeside | FJM | 1 | $1,750.00 |
| RTI | Profit Diversions | Bridgeside Drayage, Inc. | FJM | 30 | $231,649.69 |
| RTI | Profit Diversions | CBT Leasing | FJM | 3 | $890.00 |
| RTI | Profit Diversions | Distribution Management Group, Inc. | FJM | 35 | $209,300.13 |
| RTI | Profit Diversions | DMG | FJM | 1 | $23,194.21 |
| RTI | Profit Diversions | Port Equipment Renting Corp | FJM | 29 | $362,500.00 |
| RTI | Profit Diversions | Riveredge Transportation, Inc. | FJM | 1 | $7,680.46 |
| RTI | Profit Diversions | Riveredge Unloading Account | FJM | 4 | $20,000.00 |
| RTI | Profit Diversions | American Express | FJM | 28 | $247,954.59 |
| RTI | T & E Expenses | Chase Master Card | FJM | 3 | $1,142.50 |
| RTI | T & E Expenses | Citi Advantage | FJM | 1 | $417.51 |
| RTI | T & E Expenses | Citi Cards | FJM | 3 | $3,433.69 |
| RTI | T & E Expenses | Colonia Country Club | FJM | 1 | $802.45 |
| RTI | T & E Expenses | F & S Tire | FJM | 1 | $111.30 |
| RTI | T & E Expenses | LaBottega Wine & Liquor | FJM | 1 | $762.05 |
| RTI | T & E Expenses | Liquor Locker | FJM | 1 | $3,090.39 |
| RTI | T & E Expenses | MBNA America | FJM | 1 | $1,425.48 |
| RTI | T & E Expenses | Parsons School Of Design Ben | FJM | 1 | $500.00 |
| RTI | T & E Expenses | Ray Catena Mercedes Benz | FJM | 7 | $3,323.06 |
| RTI | T & E Expenses | Richmond Veiw Inc. | RLM | 1 | $659.59 |
| RTI | T & E Expenses | Sabrina Chrystal | FJM | 1 | $630.00 |
| RTI | T & E Expenses | The Tint Shop | FJM | 1 | $323.14 |
| RTI | T & E Expenses | Zippos | FJM | 6 | $2,480.39 |
| RTI | Unpaid Loans | Frank S. Molfetta | FJM | 1 | $7,000.00 |
| RTI | Unpaid Loans | Robert Molfetta | RLM | 1 | $25,000.00 |
| | | | | | $1,646,317.88 |

ChecksByOfficerSum

| Benefactor | Company | Description | CheckCount | TTLChecks |
|---|---|---|---|---|
| FJM | BSD | Auto Lease & Purchase | 20 | $10,827.74 |
| FJM | BSD | Expense Refunds | 105 | $174,980.84 |
| FJM | BSD | No Show Jobs/Personal Checks | 24 | $32,619.39 |
| FJM | BSD | Personal Home Repairs & Expenses. | 10 | $13,031.59 |
| FJM | BSD | Personal Insurance | 3 | $4,577.55 |
| FJM | BSD | Personal Investment | 1 | $29,494.89 |
| FJM | BSD | Personal Mortages | 5 | $2,804.34 |
| FJM | BSD | Personal Taxes | 1 | $800.00 |
| FJM | BSD | Petty Cash | 408 | $1,976,116.68 |
| FJM | BSD | Profit Diversions | 137 | $515,456.79 |
| FJM | BSD | T & E Expenses | 127 | $274,050.17 |
| FJM | BSD | Unpaid Loans | 22 | $1,625,771.92 |
| FJM | BSI | Auto Lease & Purchase | 9 | $4,627.06 |
| FJM | BSI | Expense Refunds | 23 | $36,139.52 |
| FJM | BSI | No Show Jobs/Personal Checks | 4 | $33,200.00 |
| FJM | BSI | Personal Home Repairs & Expenses. | 9 | $2,502.12 |
| FJM | BSI | Personal Insurance | 4 | $10,876.38 |
| FJM | BSI | Personal Legal & Accounting Fees | 7 | $6,595.00 |
| FJM | BSI | Petty Cash | 172 | $706,725.20 |
| FJM | BSI | Profit Diversions | 54 | $289,310.15 |
| FJM | BSI | T & E Expenses | 33 | $87,677.08 |
| FJM | BSI | Unpaid Loans | 1 | $100,000.00 |
| FJM | DMG | Auto Lease & Purchase | 30 | $27,639.03 |
| FJM | DMG | Expense Refunds | 321 | $855,649.79 |
| FJM | DMG | No Show Jobs/Personal Checks | 46 | $91,664.02 |
| FJM | DMG | Personal Home Repairs & Expenses. | 289 | $568,798.90 |
| FJM | DMG | Personal Investment | 28 | $126,620.52 |
| FJM | DMG | Personal Legal & Accounting Fees | 219 | $841,718.40 |
| FJM | DMG | Personal Mortages | 7 | $23,920.24 |
| FJM | DMG | Petty Cash | 66 | $71,711.02 |
| FJM | DMG | Profit Diversions | 167 | $457,950.78 |
| FJM | DMG | T & E Expenses | 228 | $4,616,769.83 |
| FJM | DMG | Unpaid Loans | 356 | $921,554.40 |
| FJM | JFK | Expense Refunds | 19 | $1,085,200.00 |
| FJM | JFK | Personal Insurance | 4 | $6,000.00 |
| | | | 1 | $2,683.74 |

ChecksByOfficerSum

| | | | | |
|---|---|---|---|---|
| FJM | JFK | Personal Legal & Accounting Fees | 1 | $500.00 |
| FJM | JFK | Profit Diversions | 5 | $6,000.00 |
| FJM | PORT | Expense Refunds | 1 | $400.00 |
| FJM | PORT | No Show Jobs/Personal Checks | 5 | $1,700.00 |
| FJM | PORT | Personal Home Repairs & Expenses. | 17 | $11,291.83 |
| FJM | PORT | Personal Legal & Accounting Fees | 20 | $13,130.02 |
| FJM | PORT | Personal Taxes | 1 | $240.00 |
| FJM | PORT | Profit Diversions | 6 | $3,960.00 |
| FJM | PORT | T & E Expenses | 1 | $3,425.00 |
| FJM | RTI | Auto Lease & Purchase | 90 | $102,326.17 |
| FJM | RTI | Expense Refunds | 5 | $126,618.22 |
| FJM | RTI | No Show Jobs/Personal Checks | 1 | $18,000.00 |
| FJM | RTI | Personal Insurance | 5 | $12,114.41 |
| FJM | RTI | Personal Legal & Accounting Fees | 3 | $5,500.00 |
| FJM | RTI | Personal Morteges | 13 | $10,656.10 |
| FJM | RTI | Petty Cash | 60 | $199,827.64 |
| FJM | RTI | Profit Diversions | 105 | $866,517.64 |
| FJM | RTI | T & E Expenses | 56 | $266,396.55 |
| FJM | RTI | Unpaid Loans | 1 | $7,000.00 |
| | | | | $17,291,668.66 |
| | | | | |
| RLM | BSD | Auto Lease & Purchase | 10 | $16,694.94 |
| RLM | BSD | Expense Refunds | 16 | $81,000.00 |
| RLM | BSD | Unpaid Loans | 1 | $30,000.00 |
| RLM | BSI | Expense Refunds | 8 | $18,000.00 |
| RLM | BSI | T & E Expenses | 4 | $1,456.12 |
| RLM | DMG | Auto Lease & Purchase | 9 | $14,697.79 |
| RLM | DMG | Expense Refunds | 130 | $295,038.08 |
| RLM | DMG | No Show Jobs/Personal Checks | 1 | $5,000.00 |
| RLM | DMG | Personal Mortages | 1 | $300.00 |
| RLM | DMG | Profit Diversions | 1 | $15,428.36 |
| RLM | DMG | T & E Expenses | 5 | $16,461.31 |
| RLM | DMG | Unpaid Loans | 2 | $105,000.00 |
| RLM | JFK | Auto Lease & Purchase | 3 | $2,943.91 |
| RLM | JFK | Expense Refunds | 9 | $13,200.00 |
| RLM | JFK | Personal Home Repairs & Expenses. | 3 | $716.13 |

ChecksByOfficerSum

| | | | | |
|---|---|---|---|---|
| RLM | JFK | Personal Insurance | 1 | $82.70 |
| RLM | JFK | Personal Investment | 3 | $6,449.13 |
| RLM | JFK | Petty Cash | 5 | $2,426.77 |
| RLM | JFK | T & E Expenses | 30 | $92,094.94 |
| RLM | RTI | Auto Lease & Purchase | 2 | $3,477.68 |
| RLM | RTI | Personal Home Repairs & Expenses. | 1 | $2,223.88 |
| RLM | RTI | T & E Expenses | 1 | $659.59 |
| RLM | RTI | Unpaid Loans | 1 | $25,000.00 |
| | | | | $748,351.33 |

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK      )
                                        )ss.:
COUNTY OF NASSAU     )

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

that deponent is a member of the firm of SCHRIER FISCELLA & SUSSMAN, L.L.C. the attorneys of

record for the Plaintiff, MICHAEL MOLFETTA, SR., Individually and on behalf of BRIDGESIDE

DRAYAGE, INC., JFK DELIVERIES, INC., and PORT EQUIPMENT RENTING CORP., in the within

action; that deponent has read the foregoing **Verified Complaint** and knows the contents thereof; that

the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on

information and belief, and that as to those matters deponent believes it to be true.  Deponent further

says that the reason this verification is made by deponent and not by Plaintiff is that Plaintiff is located

in a County other than where deponent maintains his office.

The grounds of deponent's belief as to all the matters stated upon deponent's knowledge are as

follows:  correspondence, information and documents in deponent's file.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.


Dated: Garden City, New York
           November 10, 2005

_____
RICHAARD E. SCHRIER, ESQ.